UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| FARMERS LIVESTOCK MARKET, INC. | ) | |
| | ) | |
| v. | ) | NO. 2:12-CV-383 |
| | ) | |
| RANDY DEATON | ) | |

## MEMORANDUM OPINION

In its Sworn Complaint, plaintiff alleges that the defendant is indebted to it in the amount of $153,682.23. As far as the complaint alleges, this indebtedness had two components: first, plaintiff alleges that the defendants executed a promissory note to Don McNeese in the amount of $74,000.00, upon which there is now owed $81,187.50; and second, that defendant is indebted to plaintiff on open account in the amount of $72,494.73. Added together, these two figures amount to $153,682.23.

In his answer, defendant admitted executing a promissory note to Don McNeese but he denies that the note was executed and delivered on January 1, 2010. He apparently also denies in his answer that the promissory note, whenever it was executed, was in the original amount of $74,000.00.

As far as the amounts owing on open account are concerned, defendant stated in his answer that he admits that he owes plaintiff "some amount for the purchase of cattle" but denies that he owes the amounts claimed by plaintiff and accordingly "demands strict proof thereof."

The plaintiff has now filed a motion for summary judgment, (Doc. 10), supported by the affidavits of Don McNeese, plaintiff's President, and Linda McNeese, plaintiff's bookkeeper.

## *DON MCNEESE'S AFFIDAVIT*

Mr. McNeese is President of Farmers Livestock Market, Inc. and has been for forty-three years. On January 1, 2010, Mr. McNeese concluded that Mr. Deaton owed approximately $74,000.00 to Farmers Livestock Market, Inc. Accordingly, Mr. McNeese prevailed upon Mr. Deaton to sign a promissory note in that amount. The promissory note erroneously named Mr. McNeese as a payee, when the payee should have been the corporation, Farmers Livestock Market, Inc. As a result, Mr. McNeese assigned the note to Farmers Livestock Market, Inc. No payment has ever been made on that note, and it has never been "posted to the books and records of the corporation, and does not constitute an obligation of Randy Deaton to the corporation." Rather, the promissory note was merely Mr. Deaton's acknowledgment as of January 1, 2010, that he owed the corporation that amount of money.

Mr. Deaton now owes the corporation a total of $146,142.09, all of which is on open account, and which includes the amount originally embraced within the promissory note.

## *LINDA MCNEESE'S AFFIDAVIT*

Ms. McNeese has been the bookkeeper for Farmers Livestock Market, Inc. since 2007. She maintains a ledger that records the purchases of cattle from the corporation by Mr. Deaton, as well as all payments by him from January 5, 2008 to January 15, 2012. A copy

2

of that ledger is appended to Ms. McNeese's affidavit.

As of January 13, 2012, Mr. Deaton's purchases from the corporation "exceeded his payments by $146,142.09," which is due and owing, and which does not include any interest or late charges.

Based on the foregoing affidavits, the plaintiff corporation asks for a judgment against the defendant Randy Deaton in the amount of $146,142.09, asserting that there is no genuine issue of any material fact concerning the amount owing to Farmers Livestock Market, Inc. by Mr. Deaton.

## *DEFENDANT'S RESPONSE*

The defendant's response is supported by his affidavit, which is brief. He says only that (1) he did not sign the promissory note and, after he reviewed the ledgers and accounting records of the plaintiff, payments [he] made to Plaintiff do not appear on its books."

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." F.R.Civ.P. 56(c). The nonmoving party is to be indulged with all possible favorable inferences from the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## *RULING*

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). *To refute such a*

3

*showing, the non-moving party must present some significant, probative evidence indicating that a trial is necessary to resolve a material factual dispute*. *Id*. at 322.

The opposing party may not simply rest on the mere allegations or denials in his pleadings; rather, that party must affirmatively present competent evidence sufficient to establish that there is a genuine issue of material fact that requires a trial. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256 (1986).

Defendant has failed to demonstrate that there is any factual dispute regarding the amount he owes the plaintiff. He says only that payments he made to the plaintiff do not appear on its books. At the very least, defendant is obligated to show that he made a payment of x-dollars on y-date which does not appear on Ms. McNeese's ledger. Presumably the proof would be no better at trial should the court deny the plaintiff's motion for summary judgment. Hearing only Mr. Deaton's testimony at trial that tracks what he said in his affidavit, the court would have no choice but to grant plaintiff a judgment on the basis of Ms. McNeese's testimony. In other words, denying plaintiff's motion for summary judgment only delays the inevitable.

Defendant does say in his affidavit that he did not sign the promissory note, and to that extent there *could have been* a factual dispute. However, according to the affidavits of Don and Linda McNeese, the note was only intended to represent what defendant owed the corporation on January 1, 2010. It has never been posted to the books of the corporation, and it is no longer sued upon. It is a non-issue, and therefore there is no issue as to any *material* facts.

4

Plaintiff's motion for summary judgment (Doc. 10) is **GRANTED**. The Clerk will prepare a judgment in favor of the plaintiff and against the defendant in the amount of $146,142.09.

SO ORDERED:

s/ Dennis H. Inman
United States Magistrate Judge
